UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ULTRADENT PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1–10, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE (DOC. NO. 2) <br><br> Case No. 2:23-cv-00135 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Ultradent Products, Inc. moves for leave to serve third-party subpoenas prior to a Rule 26(f) scheduling conference in order to identify the John Doe defendants in this case.[1] Ultradent is suing the unidentified defendants for breach of contract, alleging the defendants have sold Ultradent's products outside the authorized sales channels, including to unauthorized third-party resellers who are reselling Ultradent products on Amazon.com.[2] Ultradent alleges it has been unable to identify which distributors are supplying these Ultradent products to third-party resellers, despite reviewing its sales records and corresponding with its partners.[3] Therefore, Ultradent seeks leave to serve third-party subpoenas on Amazon.com, Inc. and third-

---

[1] (Mot., Doc. No. 2.)

[2] (*See* Compl., Doc. No. 1.)

[3] (*Id.* ¶ 17.)

1

party resellers to discover the source of those parties' Ultradent products, in order to establish which of Ultradent's distributors is in breach of their agreements.[4]

Rule 26 of the Federal Rules of Civil Procedure provides "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."[5]  "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."[6]  Courts have found good cause to permit expedited discovery where it is necessary to identify John Doe defendants.[7]

Ultradent has shown good cause to permit expedited discovery regarding the source of third-party resellers' Ultradent products.  Ultradent has demonstrated this discovery is necessary to identify the defendants in this case, which Ultradent alleges have breached their contracts by reselling Ultradent products to unauthorized third-party resellers.   Under these circumstances, Ultradent has demonstrated this discovery is necessary to identify and serve the John Doe defendants.

---

[4] (Mot. 2, Doc. No. 2.)

[5] Fed. R. Civ. P. 26(d)(1).

[6] *Vient v. Ancestry*, No. 2:19-cv-00051, 2019 U.S. Dist. LEXIS 237828, at *2 (D. Utah Mar. 4, 2019) (unpublished) (quoting *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)).

[7] *See, e.g.*, *Liberty Media Holdings v. Colo. Members of Swarm*, No. 11-cv-01170-WJM-KMT, 2011 U.S. Dist. LEXIS 53307, at *3 (D. Colo. May 12, 2011) (unpublished).

Ultradent's motion[8] for leave to issue third-party subpoenas is GRANTED. Ultradent may serve the subpoenas attached to the motion[9] on the recipients listed therein.

DATED this 27th day of February, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[8] (Doc. No. 2.)

[9] (*See* Ex. 1 to Mot., Doc. No. 2-1.)